IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-CV-00406-FDW-SCR

| | |
|---|---|
| **MICHAEL V. WALKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER AND ROSEBORO NOTICE** |
| **GARRY L. MCFADDEN, et. al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on pro se Plaintiff's "Motion to Compel [Discovery]" (Doc. No. 7) following the filing of Defendants' Motion to Dismiss (Doc. No. 7).

Plaintiff's Motion is premature. The issues have not been joined and Pretrial Order and Case Management Order has not been entered. LCvR 26.1 ("[O]fficial Court-enforceable discovery does not commence until issuance of the Scheduling Order. . . . [T]he Court will only enforce discovery that is conducted within the context of the Scheduling Order or where leave is granted in accordance with LCvR 16.1(f)"). Plaintiff has not moved for LCvR 16.1(f) early discovery nor does the record show a basis for it. Accordingly, the Court will deny Plaintiff's Motion without prejudice to the parties conducting discovery once the issues have been joined and a Pretrial Order and Case Management Plan is entered.

Defendants also seek dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) (per curiam), Plaintiff, who is not represented by counsel, has the right to respond to Defendants' Motion.[1] The

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro v.

Court also advises Plaintiff that failure to respond may result in dismissal of the Complaint or judgment entered in favor of Defendants.

The Court notes Plaintiff has not yet responded to the instant motion and the time for doing so has expired. In light of this Notice, the Court will allow Plaintiff additional time to respond and sets a new response deadline of June 20, 2024. Defendants may file a reply in accordance with the Local Rules for the Western District of North Carolina and the standing orders of this Court.

**Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendants move to dismiss the Complaint for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff must show in his response to the motion that the complaint contains sufficient allegations to support a cause of action against each Defendant.

In order to survive a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. (citing Twombly, 550 U.S. at 556). While the Court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not

---

Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 n.1 (4th Cir. 1994) (en banc), abrogated on other grounds by Wilkins v. Gaddy, 559 U.S. 34 (2010) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them."). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.

accept as true unwarranted inferences, unreasonable conclusions, or arguments." <u>E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship</u>, 213 F. 3d 175, 180 (4th Cir. 2000).

### Deadline to Respond

Plaintiff is advised that he has until June 20, 2024, to file any response to Defendants' motion in light of the above standards. Plaintiff should not refile any materials already submitted to the Court, and his response must be properly served on Defendants and include a certificate of service indicating the manner in which he served Defendants. Defendants are permitted to reply once Plaintiff files his response. Plaintiff's failure to respond to Defendants' Motion to Dismiss may result in Defendants being granted the relief it seeks, that is dismissal of the complaint.

Counsel for Defendants are reminded of this Court's standing orders, which provide that motions made pursuant to Federal Rule of Civil Procedure 12(b)(6) do not presumptively toll the time required to plead an answer, counterclaims, and/or third-party complaint. (<u>Initial Scheduling Order</u>, 3:07-MC-47, Doc. No. 2; also linked on the docket entry for this case on March 20, 2024.). The Court hereby <u>sua sponte</u> extends the time for Defendants to file an answer and directs an answer to be filed within seven (7) days of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff shall respond to Defendants' Motion to Dismiss (Doc. No. 4) on or before June 20, 2024. Failure to file a timely response in accordance with the principles explained above could lead to the dismissal of Plaintiff's lawsuit against Defendants. The Clerk is respectfully DIRECTED to send a copy of this Notice and Order to Plaintiff's address of record.

Signed: May 23, 2024

**IT IS SO ORDERED.**

Susan C. Rodriguez
United States Magistrate Judge